**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-20802-CR-GAYLES**

**DAMASO RIVERA FONSECA**,

Defendant/Movant,

v.

**UNITED STATES OF AMERICA**,

Plaintiff/Respondent.
_________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** comes before the Court on Defendant Damaso Rivera Fonseca *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 (the "Motion"). [ECF No. 117]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

Defendant Damaso Rivera Fonseca ("Defendant") is thirty-nine-year-old man currently incarcerated at the United States Penitentiary, Lee and has a projected release date of July 27, 2033.[1] On October 15, 2015, a grand jury returned an Indictment charging Defendant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm in furtherance of drug trafficking, in violation of

[1] The Court ascertained the location of Defendant's current facility and his projected release date via www.bop.gov/inmateloc (accessed on July 20, 2026).

18 U.S.C. § 924(c)(1)(A) (Count 3). [ECF No. 6]. The charges stem from Defendant's possession of a loaded AR-15, additional rounds of ammunition, and illegal drugs. [ECF No. 82 at 4–6].

After considering the evidence, a jury found Defendant guilty on all counts. [ECF No. 73]. On August 1, 2016, the Court sentenced Defendant to a total of 235 months of imprisonment, consisting of 115 months as to Counts 1 and 2, to be served concurrently, and 120 months as to Count 3, to be served consecutively to Counts 1 and 2. [ECF No. 88].

On February 18, 2025, Defendant filed the instant Motion arguing that he is entitled to compassionate relief (1) based on his post-traumatic stress disorder ("PTSD"), (2) the length of his sentence, and (3) his rehabilitation efforts. [ECF No. 117].

## II. LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

§ 3582(c)(1)(A); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also* § 3553(a). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(2). To grant the Motion, the Court must make specific findings that: (1)

Defendant exhausted his administrative remedies; (2) the § 3553(a) factors support Defendant's compassionate release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## III. DISCUSSION

It is undisputed that Defendant exhausted his administrative remedies prior to filing the Motion. The Court denies the Motion on the merits because (1) Defendant fails to establish extraordinary and compelling reasons for his release; (2) the § 3553(a) sentencing factors do not support a modification of Defendant's sentence; and (3) Defendant is a danger to the safety of other persons or the community.

### A. Extraordinary and Compelling Reasons

Defendant fails to establish extraordinary and compelling reasons warranting his early release. Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

> (1) <u>Medical Circumstances of the Defendant</u>—
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. . . .

> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sent'g Guidelines Manual § 1B1.13(b)(1), (b)(5) (b)(6).

**1. Medical Reasons**

Defendant fails to establish that his PTSD substantially diminishes his ability to provide self-care within his correctional facility. Indeed, courts routinely deny compassionate release motions based on a diagnosis of PTSD. *See e.g., United States v. Ruiz*, No. 2:17-CR-227, 2021 WL 1345419, at *3 (S.D. Ohio Apr. 12, 2021) (finding that a diagnosis of PTSD is not an extraordinary and compelling reason for early release); *United States v. Villarreal*, No. 8-cr-1332, 2022 WL 874967, at *5 (S.D. Cal. Mar. 24, 2022) ("[District] courts have not categorically accepted PTSD as a stand-alone basis for reduction."); *United States v. Pittman*, No. 3:15-cr-221, 2022 WL 2177665, at *2 (N.D. Tex. June 15, 2022) (denying motion for compassionate release and finding that movant's PTSD did not constitute an extraordinary and compelling reason for early release). Similarly, this Court finds that Defendant's PTSD does not provide an extraordinary and compelling reason for his early release.

**2. "Unusually Long Sentence"**

Defendant also argues that, pursuant to § 3582(c)(1)(A), the length of his sentence and changes in the law constitute extraordinary and compelling reasons for his release. The Court

disagrees. The Supreme Court recently held that nonretroactive changes to sentencing laws are not extraordinary and compelling reasons warranting release. *Rutherford v. United States,* 608 U.S. ___, No. 24–820, 2026 WL 1485535, at *3 (May 28, 2026). In a companion case issued the same day, the Court found that the Sentencing Commission's 2023 amendment, which added unusually long sentences to the list of extraordinary and compelling reasons that support compassionate release, exceeded the Commission's authority. *Fernandez v. United States*, No. 24-556, 2026 WL 1485476, at *8 n.5 (U.S. May 28, 2026). Therefore, the *Rutherford* holding, as clarified by *Fernandez*, forecloses compassionate release here. *Fernandez*, 2026 WL 1485476, at *8 n.5.[2]

**B. Section 3553(a) Factors**

Even if Defendant had established extraordinary and compelling reasons, the Court finds that the § 3553(a) factors do not support Defendant's compassionate release. Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public"; (3) "the kinds of sentences available"; (4) "the sentencing range"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities"; and (7) "the need to provide restitution to any victims . . . ." *Id.*

Defendant's convictions were based on his unlawful possession of a loaded firearm in furtherance of drug trafficking. At sentencing, the Court concluded that a total sentence of 235

---

[2] Defendant also asks the Court to consider his rehabilitation an extraordinary and compelling reason for compassionate release. The Sentencing Commission's policy statement does not consider rehabilitation, without more, an extraordinary and compelling reason for compassionate release. *See United States v. Guyton*, 859 F. App'x. 435, 437 (11th Cir. 2021) (holding that "[a] defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement."). Accordingly, Defendant's record of rehabilitation does not provide an extraordinary and compelling basis for his release.

months' imprisonment was appropriate based on Defendant's actions. Given Defendant's criminal history and the nature of his offenses, a compassionate release would not reflect the seriousness of the offense, act as a deterrence, or promote any respect for the law. Therefore, the § 3553(a) factors do not support compassionate release.

**C. Danger to the Community**

The Court also finds that Defendant still poses "a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(B)(2). In making this determination, the Court considered (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics" of Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

On the day of his arrest, officers responded to a call that Defendant was in a van with loaded firearms and was going to shoot and kill the people in a Walgreens. [ECF No. 82]. Officers recovered a stolen, loaded AR-15 and 37 rounds of additional ammunition from the van. *Id*. Defendant's multiple contacts with the criminal justice system began at the age of twelve. [ECF No. 82 at 8–13]. Defendant has four prior felony convictions, including armed robbery and robbery by sudden snatching. *Id*. at 11–13. This includes a pattern of reoffending shortly after his release from custody. *Id.* Most tellingly, after spending nearly a decade in state prison, Defendant committed the instant offenses only five months after his release. *Id*. at 12. Defendant has also been sanctioned for violent disciplinary infractions while incarcerated. [ECF No. 118-2]. Based on this criminal history, the Court finds that Defendant remains a danger to the community such that compassionate release is not merited.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release is **DENIED.**

**DONE AND ORDERED in Chambers at Miami, Florida, this Friday, July 31, 2026.**

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE